**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| HENDRIK BLOCK, | Case No. 1:22-cv-1419 JLT SAB |
|---|---|
| Plaintiff, | ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DISMISSING PLAINTIFF'S STATE LAW CLAIMS WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| CALIFORNIA-FRESNO INVESTMENT COMPANY, et al. | |
| Defendants. | |
| | (Docs. 24, 30) |

Hendrik Block seeks default judgment against California-Fresno Investment Company, doing business as Bad Buds Gas & Car Wash, for violating Title III of the Americans with Disabilities Act and California's Unruh Civil Rights Act. (*See* Doc. 1.) For the reasons set forth below, the motion for default judgment is granted in part. The Court finds default judgment is appropriate for the claim arising under the ADA but declines to exercise supplemental jurisdiction and dismisses claims arising under state law without prejudice.

I. **Relevant Background**

Block reports he "is substantially limited in his ability to walk, and must use a cane, walker, wheelchair or electric scooter for mobility." (Doc. 1 at 2, ¶ 8.) He asserts that he visited Bad Buds Gas and Car Wash to purchase snacks on May 21, 2022. (*Id.*, ¶ 10.) Block alleges he "personally encountered barriers (both physical and intangible)" at Bad Buds that interfered with

1

his ability to use and enjoy the services at the facility. (*Id.* at 2, ¶ 10.) Specifically, Block asserts that "[i]t was difficult … to locate the designated accessible parking" in the parking lot, "as it was missing signage and had faded pavement markings that were barely visible." (*Id.* at 3, ¶ 10(a).) In addition, Block contends that after parking in the designated spot, "he could not find an accessible route to the Facility entrance," because there was not a curb ramp between the parking spot and the walkway. (*Id.*, ¶ 10(b).) Block reports he used his wheelchair when visiting Bad Buds, and as a result "he could not ascend the curb and had to travel through the vehicular to get to the … entrance." (*Id.*)

Block reports he is a resident of California and "regularly travels to the area" where Bad Buds is located. (Doc. 1 at 2, ¶ 10.) Block asserts that he "was, and continues to be, deterred from visiting" Bad Buds because he knows the "goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to [him] due to [his] physical disabilities." (*Id.* at 3, ¶ 12.) According to Block, he will return to Bad Buds "once the barriers are removed" because he "enjoys the goods and services offered." (*Id.*)

On November 3, 2022, Block initiated this action by filing a complaint against California-Fresno Investment Company, dba Bad Buds Gas & Car Wash, alleging: (1) violations of Title III of the Americans with Disabilities Act, (2) violations of California's Unruh Act, and (3) denial of full and equal access to public facilities under California's Health and Safety Code.[1] (Doc. 1 at 4-9.) Block asserted the defendant "possessed and enjoyed sufficient control and authority" to remove the barriers to wheelchair access and be sure Bad Buds complied with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for Accessible Design. (*Id.* at 4, ¶ 14.) In addition, Block contends the defendant has "the financial resources to remove the[] barriers … without much difficulty or expense[], and make the Facility accessible." (*Id.* at 3, ¶ 13.)

Block served CFIC with the summons and complaint on May 11, 2023.[2] (Doc. 18.) After

---

[1] Block also raised these claims against Cedar Plaza, Inc. in the complaint. (*See generally* Doc. 1.) However, Block dismissed Cedar Plaza as a defendant pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 21.) Accordingly, only CFIC remains as a defendant.

[2] The Court determined the prior service upon was inadequate and granted Block an extension of time to complete service upon CFIC. (Docs. 11, 16, and 17.)

CFIC failed to respond to the complaint, Block requested default be entered against CFIC.  (Doc. 19.)  The Clerk of Court entered default on June 30, 2023. (Doc. 20.)  Block now seeks default judgment against CFIC, requesting injunctive and declaratory relief, statutory damages under the Unruh Act, attorneys' fees, and costs.[3]  (Doc. 24.)

**II.     Findings and Recommendations**

As an initial matter, the magistrate judge determined the Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, based upon Block's claim for violations of the ADA.  (Doc. 30 at 7.)  In addition, the magistrate judge noted that "the Court may exert supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over [the] related state law claims under the Unruh Act, California Civil Code §§ 51, *et seq.*"  (*Id.*)

The magistrate judge evaluated the factors set forth by the Ninth Circuit in *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986), and found the factors weighed in favor of granting the motion for default judgment.  (Doc. 30.)  Specifically, the magistrate judge found default judgment was appropriate for Block's claim arising under the ADA, and recommended the requested injunctive relief be granted.  (*Id.* at 12-17.)  The magistrate judge also found default judgment was appropriate for the claim arising under the Unruh Act, and recommended awarding statutory damages in the amount of $4,000.00.  (*Id.* at 17-18.)  Finally, the magistrate judge recommended Block be awarded attorneys' fees in the modified amount of $933.50 and litigation expenses and costs in the amount of $716.63, for a total of $1,650.13.  (*Id.* at 23-31.)

The Findings and Recommendations were served on Plaintiff, who mailed a copy to Defendant.  (Doc. 31.)  The Court informed the parties that any objections must be filed within 14 days of the date of service.  (Doc. 30 at 32.)  In addition, the Court advised the parties that "the failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 32-33, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  No objections were filed, and the time to do so expired.

---

[3] Block did not seek default judgment over his claim arising under the California Health and Safety Code.

### III. Supplemental Jurisdiction

While noting the Court *could* take supplemental jurisdiction, the magistrate judge did not make any findings as to whether the Court *should* exercise jurisdiction over Block's claims arising under state law. As the magistrate judge observed, a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855-56 (9th Cir. 2004) (internal quotation marks, citation omitted). Notably, the Ninth Circuit concluded ADA and Unruh Act claims that derive from a common nucleus of facts "form part of the 'same case or controversy/ for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks, citations omitted). This discretion is codified under Section 1367(c), which provides a district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This provision is "a codification of the principles of economy, convenience, fairness, and comity that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction." *Whitaker v. Mac*, 411 F.Supp.3d 1108, 1113 (C.D. Cal. 2019) (citing *Int'l Coll. of Surgeons*, 522 U.S. at 172-73; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (identifying the following as relevant factors: judicial economy, convenience, fairness, and comity, which together are the "*Gibbs* values").

4

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, the Court is required to identify why circumstances may be "exceptional" when declining jurisdiction under Section 1367(c)(4). *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021). "A district court's decision to decline supplemental jurisdiction over a state-law claim is reviewed for abuse of discretion." *Vo v. Choi*, 49 F.4th 1167, 1171-72 (9th Cir. 2022).

### A.   Jurisdiction under Section 1367(c)(4)

A court's inquiry as to whether decline jurisdiction under Section 1367(c)(4) involves a two-part inquiry. *Arroyo*, 19 F.4th at 1210. First, the Court must identify "why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citation omitted); *see also San Pedro Hotel*, 159 F.3d at 478-79. Second, to evaluate if "there are 'compelling reasons for declining jurisdiction' in a given case, the court should consider what 'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine' articulated in *Gibbs*." *Arroyo*, 19 F.4th at 1210 (*citing Int'l Coll. of Surgeons*, 522 U.S. at 172-73). These "inquiries are not particularly burdensome." *Id.* (citation omitted.)

####   1.   Exceptional circumstances

Significantly, "California adopted heightened pleading requirements for Unruh Act accessibility claims in an attempt to deter baseless claims and vexatious litigation" in 2012. *Machowski v. Auburndale Props*., 574 F.Supp.3d 776, 779 (C.D. Cal. 2021); *see also Vo*, 49 F.4th at 1170 (noting the state "imposed heightened pleading requirements" following the abuse of remedies under the Unruh Act). The state adopted further restrictions in 2015, after the heightened pleading requirements alone "did not substantially reduce vexatious filings." *Id.* (citing Cal. Civ. Proc. Code § 425.50). The state targeted "high-frequency litigants," which were defined as plaintiffs who "filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. Code Civ. Proc. § 425.55(b)(1). The Court's review of its records indicates that Block would be subject to the

5

heightened pleading and procedural standards that now apply to the high-frequency litigants.[4]

Under California law, high-frequency litigants—such as Block—are now required to comply with the following requirements:

> (1) the complaint must allege whether it is filed by or on behalf of a high-frequency litigator; (2) the number of complaints alleging a construction related accessibility claim that were filed by the high frequency litigator in the past twelve months; (3) the reason the high frequency litigator was in the region of the defendant's business; and (4) the specific reason that the high frequency litigator desired access to the defendant's business.

*Machowski*, 574 F.Supp.3d at 779 (citation omitted, modifications adopted); *see also* Cal. Civ. Proc. Code § 425.50(a)(4)(A)). The high-frequency litigants must also pay an additional $1,000 filing fee. Cal. Gov't. Code § 70616.5(a), (b). Importantly, these additional requirements apply only in the state court, and "plaintiffs can circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state-law claims." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1018 (9th Cir. 2022) (citing *Arroyo*, 19 F.4th at 1207); *see also Vo*, 49 F.4th at 1170 ("we assume ... these new requirements apply only in California state court").

The Ninth Circuit—and district courts within the circuit—have recognized an increase in disability access claims brought in federal court by the "high-frequency litigants" who would be subject to the additional requirements before the state. *See, e.g., Arroyo*, 19 F.4th at 1211; *Shayler*, 51 F.4th at 1017-18 (observing that in the Central District alone, "the number of ADA cases has ballooned from 3 percent of its civil docket to roughly 20 percent in recent years"); *Gilbert v. Bonfare Markets, Inc.*, 2023 WL 1803398, at *4 (E.D. Cal. Feb. 7, 2023) (noting "the burden the ever-increasing number of [accessibility] cases poses to the federal courts"); *Arroyo v. Quach, Inc.*, 2022 U.S. Dist. LEXIS 73567, at *3 (N.D. Cal. Apr. 12, 2022) ("California federal

---

[4] Based upon the Court's review of its records, Block filed 10 other disability access actions prior to this case in the Fresno Division of the Eastern District within 12 months, including: *Block v. Narwal*, Case No. 1:22-cv-597-ADA-EPG (filed May 19, 2022); *Block v. Cortez*, Case No.1:22-cv-00908-JLT-SAB (filed July 21, 2022); *Block v. Tractor Supply Company*, Case No. 1:22-cv-01006-ADA-EPG (filed Aug. 11, 2022); *Block v. Kumar*, 1:22-cv-01048-NODJ-BAM (filed Aug. 19, 2022); *Block v. Big 5 Corp.*, 1:22-cv-01104-ADA-BAM (filed Aug. 31, 2022); *Block v. Dieter H. Dubberke, Inc*., Case No. 1:22-cv-01241-HBK (filed Sept. 28, 2022); *Block v. Brar*, Case No. 1:22-cv-01317-ADA-SAB (filed Oct. 14, 2022); *Block v. Pal Brothers LLC*, Case No. 1:22-cv-01394-SAB (filed Oct. 28, 2022); Block v. Home Depot U.S.A., Inc., Case No. 1:22-cv-01396-ADA-HBK (filed Oct. 28, 2022); and *Block v. Smart Place Inc.*, Case No. 1:22-cv-01417-ADA-BAM (filed Nov. 3, 2022).

courts have experienced a large influx of cases involving a federal claim under the ADA for failure to ensure that businesses are accessible to customers with disabilities, alongside a state-law claim under the Unruh Act"). The Ninth Circuit attributed this increase to Unruh Act plaintiffs who sought to avoid the California requirements, "by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Arroyo*, 19 F.4th at 1211. As a result, the Ninth Circuit opined "the procedural strictures that California put in place have been rendered largely toothless..." *Id.*

Having acknowledged the apparent avoidance by litigants who pursue their state claims in federal courts, the Ninth Circuit had "little difficulty" reaching the conclusion that "the legal landscape" concerning Unruh Act cases constitutes an exceptional circumstance within the meaning of Section 1367(c)(4). *Vo,* 49 F.4th at 1169 (citing *Arroyo*, 19 F.4th at 1214). Thus, numerous district courts in California "have declined to exercise supplemental jurisdiction over Unruh Act … claims brought alongside ADA claims." *Rutherford v. Nuway Ins. Agency Inc.*, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021).

### 2. Compelling reasons to decline jurisdiction

The Court finds the *Gibbs* values of judicial economy and convenience weigh in favor of declining supplemental jurisdiction. Although the Court addressed the merits of the ADA claim to the extent necessary to address the motion for default judgment, it has not been required to expend a significant amount of time and resources on the action as the claims were uncontested. *See Whitaker v. Eye Phone City*, 2020 WL 7065831, at *3 (C.D. Cal. Oct. 7 2020) (finding judicial economy did not weigh in favor of supplemental jurisdiction where the parties had not yet engaged in discovery); *see also Brooke v. Shelby Hosp. LLC.*, 2023 WL 5017996, at *2-3 (C.D. Cal. July 24, 2023) (declining supplemental jurisdiction and dismissing the state law claims when addressing a motion for default judgment brought by a high-frequency litigant, finding any concerns of judicial economy were outweighed by concerns of comity). Moreover, any inefficiencies created by the Court's decision to decline supplemental jurisdiction "are problems ultimately that resulted from [the] plaintiff's decision to file this [a]ction in federal, rather than state court." *See Whitaker v. Aftaliion*, 2020 WL 5845724, at *4 (C.D. Cal. July 23, 2020).

Fairness also weighs in favor of declining supplemental jurisdiction over the Unruh Act claim. Block has not been prevented from receiving injunctive relief to remove the encountered accessibility barriers —the only relief available—under his ADA claim before the federal court. On the other hand, it would be unfair to permit Block to evade the limitations California imposed on his accessibility claims. *See Carter v. Town Square M Props*., *LLC*, 2022 WL 17224720, at *5 (C.D. Cal Aug. 29, 2022) (finding fairness weighed in favor of declining jurisdiction).

Finally, comity weighs in favor of declining jurisdiction, particularly in light of the state's efforts to thwart abuse of the legal system through the filing of unverified disability access claims. *See, e.g., Marquez v. KBMS Hospitality Corp*., 492 F. Supp. 3d 1058, 1064 (C.D. Cal. 2020) ("To allow federal courts to become an escape hatch that allows high-frequency litigants to pursue such claims without satisfying California's requirements is an affront to the comity between federal and state courts"); *Garcia v. Maciel*, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (comity weighed in favor of declining supplemental jurisdiction, because allowing the plaintiff to proceed before the district court would permit evasion of requirements imposed by the California legislature); *Schutza v. Alessio Leasing, Inc.,* 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019) ("By being 'inefficient' and declining to exercise supplemental jurisdiction …, this Court is simply recognizing that California has a strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants. If that results in occasional inefficiency, it's a worthwhile tradeoff.").

### **IV.     Conclusion and Order**

According to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis related to Block's claim under the ADA, and Block is entitled to receive the injunctive relief requested. An award of attorneys' fees and costs is also appropriate, subject to the recommended reductions. However, as described above, there are "exceptional circumstances" and "compelling reasons" to decline supplemental jurisdiction over Block's claims for violations of the Unruh Act and California Health & Safety Code. Accordingly, the Court declines to adopt the recommendations related to

the claims arising under state law and exercises its discretion to decline supplemental jurisdiction.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations filed on November 9, 2023 (Doc. 30) are **ADOPTED** in part.
2. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(c)(4).
3. Plaintiff's claims for violations of the Unruh Act and the California Health & Safety Code are **DISMISSED** without prejudice.
4. Plaintiff's motion for default judgment (Doc. 24) is **GRANTED IN PART**.
5. Judgment **SHALL** be entered in favor of Plaintiff and against Defendant.
6. Plaintiff's request for statutory damages under California's Unruh Act is **DENIED**.
7. Plaintiff's request for fees, costs, and expenses is **GRANTED IN PART**, in the modified amount of $1,650.13.
8. Plaintiff's request for injunctive relief under the ADA is **GRANTED**.
9. Defendant **SHALL** make modifications within six months to the facility known as "Bad Buds Gas and Car Wash," located at 6777 North Cedar Avenue in Fresno, California 93710, to bring the property into compliance with the accessibility requirements of the Americans with Disabilities Act as follows:
    a. Provide a properly configured and identified accessible parking stall with adjacent access aisle; and
    b. Provide a properly configured curb accessible route of travel from the designated accessible parking to the Facility entrance.
10. The Clerk of Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated:   **December 15, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

9